```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON


TAMMY M. ALESHIRE,

        Movant,

v.                                  CASE NO. 2:09-cr-00165
                                    CASE NO. 2:10-cv-01267

UNITED STATES OF AMERICA,

        Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (docket # 36, "Motion"), filed on October 27, 2010. Movant, Tammy Aleshire ("Defendant"), is serving a sentence of 2 years, upon her guilty plea to aggravated identity theft, in violation of 18 U.S.C. § 1028A, to be followed by a one-year term of supervised release. (Judgment in a Criminal Case entered February 4, 2010, # 30.) She was also sentenced to pay an assessment of $100. Id. She did not take a direct appeal.

Facts of the Case and Procedural History

The facts are set forth in the Stipulation of Facts attached to her plea agreement. It reads, in pertinent part, as follows:

> Ms. Aleshire learned the name and social security number of the first known person when applying for a credit card at K-mart in St. Albans, West Virginia. On or about December 3, 2007, Ms. Aleshire inserted a social security number that was not hers. When the clerk

>	identified the name of the person assigned to the social security number (First Known Person), Ms. Aleshire completed the transaction.
>
>	On or about December 20, 2007, Ms. Aleshire applied for a credit card using the name and social security number of the First Known Person. Ms. Aleshire applied for a Wal-Mart credit card in South Charleston. Once she received the card in the mail, (G.E. MoneyBank card (Wal-Mart/Discover) XXXX XXXX XXXX 7845), she conducted approximately 54 purchases totaling approximately 1,702.76.
>
>	In total, Ms. Aleshire applied for seven credit cards using the means of identification of First Known Person and charged more than $17,067 on those cards.

(# 23, at 9.)

A federal grand jury indicted Defendant on July 14, 2009 (# 1). She entered her guilty plea on October 20, 2009 (## 22-24).

<u>Grounds for Relief and Positions of the Parties</u>

>	Defendant raises two grounds for relief:
>
>	A. Ground one: Conviction obtained without understanding the nature of the charge and the consequences of the plea. I signed aggravated identity theft plea not fully understanding the plea. From what I've discovered is that for my charge to be aggravated you were to know the person. I didn't know this person or anything as to whether they were real, dead or alive anything until Det. Lockhart came to my house with a picture of the lady.
>
>	B. Ground two: Ineffective assistance of counsel. I have written my lawyer. Still haven't gotten any response back. Also my fiancé and mother has tr[ied] numerous times to contact her and hasn't gotten any response back from Ms. Newberger. Also I feel that I was promised some time reduction off my sentence due to information that I gave my attorney, the prosecuting attorney and the Det. Lockhart along with a DEA. I gave them information and I didn't get anything taken off my plea sentence.

(Motion, # 36, at 5, 8-9.)

The Court directed the United States to file a response. (Order entered November 2, 2010, # 39.) The response was filed (# 44), but Defendant did not file a reply, which was due on January 22, 2011.

The United States contends that Defendant's claim that her conviction was obtained without her understanding the nature of the charges and the consequences of her plea is not supported by the record, and that she has failed to show that she was denied effective assistance of counsel. (# 44, at 9-23.)

## **ANALYSIS**

An appeal is a direct attack on a conviction or sentence; a § 2255 motion is a collateral attack on a conviction or sentence. Motions under 28 U.S.C. § 2255 "will not be allowed to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178 (1947). Based on this well-established principle, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465, 478 n.10 (1976). The Fourth Circuit held, in United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which [s]he complains or [s]he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain

the collateral attack."

To raise constitutionally-based grounds for relief in a § 2255 motion, a defendant has a "significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). [S]he must meet the two-part "cause and actual prejudice" test. Id. at 167-68.

> To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.

Id. at 168. If the defendant fails to meet the actual prejudice prong of the test, it is not necessary to address "cause." Id. Cause for a procedural default can arise only from "something external to the defense," such as the novelty of the claim or ineffective assistance of counsel. Mikalajunas, 186 F.3d at 493.

In United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990), the Fourth Circuit held that "a defendant who pleads guilty, and expressly waives the statutory right to raise objections to a sentence, may not then seek to appeal the very sentence which itself was part of the agreement."

In United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005), the Fourth Circuit noted its prior holding that where the United States seeks enforcement of an appeal waiver, and there is no claim that the United States breached its obligations under the plea agreement, "we will enforce the waiver to preclude a defendant from

4

appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver" (citing United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994)). The Blick decision further confirms that the "validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. Such a determination is based on the facts and circumstances surrounding the case. Id.

In United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held "that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." In evaluating whether a defendant's waiver was knowing and voluntary, the Fourth Circuit further held as follows:

> Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false."

Id. at 221. [Internal citations omitted.] The Court added that the truth of the sworn statements at the plea hearing "is conclusively established" and a district court should dismiss a § 2255 motion which is based on allegations which contradict the statements at the plea hearing. Id. at 221-22.

### Ground one: Voluntariness of the plea

Defendant alleges that she did not understand the elements of

the offense to which she pled guilty. Upon review of the plea agreement and the transcript of her plea hearing, this allegation is simply incredible.

Defendant waived, with certain exceptions, her right to a direct appeal and collateral attack. The plea agreement provision reads as follows:

> 10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The parties retain the right to seek appellate review of the District Court's determination of the Sentencing Guideline range, if an objection is properly preserved. Nonetheless, Ms. Aleshire knowingly and voluntarily waives her right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground, so long as that sentence is below or within the Sentencing Guideline range determined by the District Court prior to any departure or variance. Similarly, the United States waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court on any other ground, so long as that sentence is within or above the Sentencing Guideline range determined by the District Court prior to any departure or variance.
>
> Ms. Aleshire also knowingly and voluntarily waives the right to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(# 23, at 5-6.)

At her plea hearing, Defendant was sworn to tell the truth. (Tr. Plea hrng, # 41, at 2.) The charge was read out loud and the elements were explained. Id. at 9-13. The element relating to the

victim of the identity theft was explained to Defendant as follows:

> Q. Third, that you knew the means of identification – that you knew that that means of identification belonged to an actual person. Do you understand that?
>
> A. Yes.

Id. at 13. The plea agreement was read out loud, with colloquy between the presiding District Judge, the Hon. John T. Copenhaver, Jr., and Defendant as to particular provisions. Id. at 8-30. Judge Copenhaver took particular care to point out the prison term to which she was exposed as a result of her plea:

> Q. The court would note as well that paragraph 3, the maximum potential penalty, Ms. Aleshire, as set forth is as follows, that is, for the offense charged in count seventeen, imprisonment for a period of two years, and I want to note to you that that's not just a maximum, that's also the minimum. That is the sentence. It's a two-year term of imprisonment in this case. It's neither less than that nor more than that. It's a straight two years imprisonment. Do you understand that?
>
> A. Yes, sir.

Id. at 17. With respect to the waiver of appeal and collateral attack, Defendant assured Judge Copenhaver that she understood all of its provisions. Id. at 25-28. She assured Judge Copenhaver that no one had made any promises to her of "leniency or light sentence or probation." Id. at 36. Defendant testified that there were no side agreements of any kind. Id. at 37. In the face of Defendant's testimony during her Rule 11 colloquy, the truth of which is "conclusively established," her allegations in this § 2255 motion are "palpably incredible and patently frivolous or false."

7

> [A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. <u>United States v. Bowman</u>, 348 F.3d 408, 417 (4th Cir. 2003).

<u>Lemaster</u>, 403 F.3d at 221-22.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has shown no extraordinary circumstances, that the truth of her sworn statements made during the Rule 11 colloquy are conclusively established, and that Defendant's allegations in her § 2255 motion contradict the sworn statements. The undersigned proposes that the presiding District Judge further **FIND** that Defendant waived her right to appeal her sentence and to pursue a collateral attack except as to alleged ineffective assistance of counsel, and that her sworn statements at the plea hearing establish that her guilty plea was entered knowingly and voluntarily with understanding of all the elements of the offense. Thus Defendant's first ground for relief lacks any merit.

**Ground two: Alleged ineffective assistance of counsel**

The Supreme Court addressed the right to effective assistance of counsel in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. <u>Id.</u>, at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and

8

a reviewing court must be highly deferential in scrutinizing the performance of counsel. Id., at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id., at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. Id., at 697. In the context of a case in which a defendant pled guilty, she must show that "there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1992).

Defendant's Motion provides little detail as to an act or omission of Ms. Newberger that she alleges not to have been the result of reasonable professional judgment. It is very likely that

Defendant is complaining of lack of responsiveness <u>after</u> the case was closed, when Ms. Newberger's representation of Defendant had ended. The Motion lacks any suggestion that but for counsel's alleged error that Defendant would have insisted on going to trial. At the plea hearing, she expressed satisfaction with her attorney. (Tr. Plea Hrng, # 41, at 36-37.)

Defendant's vague assertion that she was "promised some time reduction" is simply not believable, given the minimum/maximum sentence of two years set forth in the plea agreement. Moreover, Defendant's sworn statements at the plea hearing contradict her allegation of a "side agreement" or a promise of a lighter sentence.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant has failed to show that she was denied effective assistance of counsel in any respect and that her second ground for relief lacks merit.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Defendant's § 2255 Motion and dismiss this matter.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the

United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, and to transmit it to counsel of record.

January 28, 2011
    Date

Mary E. Stanley
United States Magistrate Judge

11